UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Stephen Burke</u>,
    Petitioner                                      Case No. 14-cv-252-SM

<u>Matthew McDonald</u>,
    Petitioner                                      Case No. 14-cv-255-SM

<u>Michael O'Halloran</u>,
    Petitioner                                      Case No. 14-cv-267-SM

    v.                                                 Opinion No. 2014 DNH 210

<u>United States of America</u>,
    Respondent

**O R D E R**

In 1997, a federal grand jury indicted Stephen Burke, Matthew McDonald, and Michael O'Halloran (collectively, "Petitioners"), as well as three other men, and charged them with numerous offenses stemming from a series of bank and armored car robberies that occurred in the 1990's. One of the charges - carjacking - arose out of an armored car robbery that took place in Hudson, New Hampshire, during which two security guards were murdered. At the conclusion of a three-month trial, the jury convicted Petitioners on all counts charged against them. Those convictions, as well as Petitioners' sentences, were affirmed on appeal. See <u>United States v. Shea</u>, 211 F.3d 658 (1st Cir. 2000).

Subsequently, Petitioners filed separate, timely habeas corpus petitions, challenging their convictions and sentences. Those petitions were denied, and those denials were affirmed on appeal. See McGonagle v. United States, 2002 DNH 185 (D.N.H. Oct. 23, 2002), aff'd, 137 Fed. Appx. 373 (1st Cir. July 8, 2005). In these proceedings, Petitioners again invoke the provisions of 28 U.S.C. § 2255 and move the court to vacate their sentences. For the reasons discussed, those petitions are transferred to the Court of Appeals for the First Circuit where Petitioners may seek the requisite order authorizing this court to consider the merits of their claims. See 28 U.S.C. § 2244(3)(A).

**Discussion**

Relying upon the Supreme Court's recent decisions in Alleyne v. United States, 133 S. Ct. 2151 (2013), and Burrage v. United States, 134 S. Ct. 881 (2014), petitioners assert that they are entitled to sentencing relief under 28 U.S.C. § 2255.[1]

---

[1] In Alleyne, the Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155. In Burrage, the Court held that because the "death results" sentencing enhancement under 21 U.S.C. § 841 "increased the minimum and maximum sentences to which [defendant] was exposed, it is an element that must be submitted to the jury and found beyond a reasonable doubt." 134 S. Ct. at 887.

Specifically, they claim to be "actually innocent" of the life sentences to which they were sentenced upon their convictions for carjacking. See 18 U.S.C. § 2119(3). Petitioners argue that they were impermissibly (and unconstitutionally) sentenced to life in prison for carjacking with death resulting, given that the jury was not instructed with respect to, so did not find, the death resulting "element" of that crime.[2]

Petitioners previously raised the same issue, obviously without the benefit of <u>Alleyne</u> and <u>Burrage</u>,[3] on direct appeal, and it was resolved against them:

> In retrospect, the failure to instruct on the "if death results" requirement was "error" under <u>Jones</u>, but it was patently harmless. The government introduced at trial photographs of the dead guards and testimony from the state's assistant deputy medical examiner, who

---

[2] 18 U.S.C. § 2119 provides, in pertinent part, that whoever takes a motor vehicle from another by force and violence shall be: (1) imprisoned for not more than 15 years; or (2) if serious bodily injury results, imprisoned for not more than 25 years; or (3) if death results, imprisoned for up to life or sentenced to death. Interpreting that statute, the Supreme Court held that section 2119 establishes "three separate offenses by the specification of distinct elements, each of which must be charged by indictment, proven beyond a reasonable doubt, and submitted to a jury for its verdict." <u>Jones v. United States</u>, 526 U.S. 227, 252 (1999).

[3] In his original 2255 petition, Stephen Burke raised a very similar claim, asserting that he was improperly sentenced for carjacking, with death resulting, under the then-recent Supreme Court decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). That claim was resolved against him. See McGonagle, 2002 WL 31409820 at *10-11.

> participated in and testified about the autopsies. Witnesses testified that each of the four defendants had admitted that the guards were killed during the robbery, and the defendants did not contest the point. In the words of Neder v. United States, 527 U.S. 1, 119 S. Ct. 1827, 1837, 144 L. Ed. 2d 35 (1999), we conclude "beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence," so the error in instruction was "harmless."

Shea, 211 F.3d at 672 (citation omitted).

But, that is unimportant with respect to these petitions. Because they plainly constitute "second or successive" petitions, this court cannot consider them unless the court of appeals first authorizes it to do so. See, e.g., Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008) (noting that a prisoner seeking to prosecute a second or successive petition under section 2255 must "obtain pre-clearance, in the form of a certificate, from the court of appeals."). The court of appeals has "interpreted this provision as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'"). Id. (quoting Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997)). See also United States v. Barrett, 178 F.3d 34, 41 (1st Cir. 1999). See generally Sustache-Rivera v. United States, 221 F.3d 8, 12-14 (1st Cir. 2000) (identifying some of the rare circumstances in which a numerically second petition will not be treated as "second or successive" under § 2255).

That petitioners have also brought their claims under the auspices of Rule 60(b) does not serve to vest this court with jurisdiction. See, e.g., Munoz v. United States, 331 F.3d 151, 152-53 (1st Cir. 2003) ("We hold, therefore, that a motion made under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment previously entered in a section 2255 case should be treated as a second or successive habeas petition if . . . the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction.").

## Conclusion

Petitioners have not obtained an order from the court of appeals authorizing this court to consider their second petitions. See 28 U.S.C. § 2244(b)(3)(A). See also 28 U.S.C. § 2255(h). Accordingly, this court must either dismiss the petitions for want of jurisdiction or transfer them to the court of appeals for consideration under 28 U.S.C. § 2255. See Barrett, 178 F.3d at 41, n.1. Rather than require petitioners to re-file in the court of appeals, as they surely would, the court will transfer their petitions to the United States Court of Appeals for the First Circuit for consideration of their necessarily implied request for an order authorizing this court to consider their second or successive petitions for § 2255

5

relief.  See First Circuit Rule 22.1(e) ("If a second or successive § 2254 or § 2255 petition is filed in a district court without the requisite authorization by the court of appeals pursuant to 28 U.S.C. § 2244(b)(3), the district court will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition.").

Accordingly, the petitions for sentencing relief under 28 U.S.C. § 2255 (document no. 1, in case no. 14-cv-252-SM; document no. 1, in case no. 14-cv-255-SM; and document no. 1, in case no. 14-cv-267-SM) are hereby transferred to the United States Court of Appeals for the First Circuit for consideration of petitioners' implicit request for an order authorizing this court to consider their second § 2255 petitions, as well as their claim that the holding in Alleyne applies retroactively.  See 28 U.S.C. §§ 2255(f)(3) and (h)(2).

The Clerk shall close these cases, subject to reopening in the event the court of appeals authorizes this court to consider the petitions.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 30, 2014

cc: Stephen Burke, pro se
    Matthew McDonald, pro se
    Michael O'Halloran, pro se
    Seth R. Aframe, AUSA